(133 So. 314)

### THOMPSON v. STATE.
### 7 Div. 725.

Court of Appeals of Alabama.
March 17, 1931.

E. O. McCord & Son, of Gadsden, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

The indictment was in two counts. The first count charged larceny, and the second that defendant received, concealed, or aided in concealing, four Ford automobile wheels and casings and inner tubes, of the value of $100, the personal property of Ed. Latimer, knowing it was stolen, and not having the intent to restore it to the owner.

The evidence for the state was without conflict that some one took Latimer's Ford car from the place where he had parked it on the streets of Gadsden; that, when the car was found next day, it was some two miles distant from the place where it had been parked, and was near a negro cemetery; that it had been stripped of all four wheels and casings; the wheels were steel wire, the casings were Firestone, and three of the tubes were Firestone and one Goodrich. One of the Firestone casings and tube had been punctured and repaired. There was nothing to distinguish the wheels, casings, and tubes from others of similar make and manufacture. The witness Latimer, who was the injured party, further testified that some two weeks later he saw four Ford wire wheels, with three Firestone casings and one Silvertown, at the city hall in the possession of the chief of police. These wheels and casings had been found in the garage of defendant. When asked if the property belonged to him, he answered: "I could not say," nor would the witness ever identify the property as belonging to him, but, on being pressed by the court, said: "I do not know whether these tires, tubes and wheels came off of my car or not. They look like them." The only testimony tending to prove ownership in Latimer was that the four wire wheels and casings found in defendant's

garage were similar to those taken from the Latimer car. There was evidence that there were a great number of similar wheels and casings in and around Gadsden. There was some other evidence from which inferences might be drawn that the wheels and casings were stolen, but none other tending to prove ownership in Latimer. When the state announced that it had closed its case, the judge trying the case excused the jury, and announced: "I don't see how this property has been sufficiently identified, gentlemen, to go to the jury." After that the state examined two witnesses whose testimony added nothing to the identity of the property as the property of Latimer.

■■■ In this class of cases, ownership or possession of the property is one of the material ingredients of the offense, which must be proven by evidence beyond a reasonable doubt. We are of the opinion that the trial judge reached the correct conclusion when he announced that there was not sufficient evidence to submit the question of identity to the jury, and we do not think that the testimony of the state subsequently offered added anything to the necessary proof.

The motion of the defendant to set aside the verdict should have been granted. There were other questions presented, but, in view of the foregoing, we do not consider them.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.